IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| JOHN C. CASTLE | ) | CASE NO. 09-6142-HO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ORENCO SYSTEMS, INC., an Oregon Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

INTRODUCTION

Plaintiff John Castle (Castle), filed this action against his former employer, defendant Orenco Systems Inc., (Orenco) alleging age discrimination and a hostile work environment pursuant to 29 U.S.C. 623 (a) and (d) and ORS 659A.030. [#1]. He seeks reinstatement with back pay and benefits; compensatory damages and attorney fees. [#1-pp.5-6].

Plaintiff alleges that Orenco, acting through his supervisor

ORDER - page 1

Greg Stinnett, harassed Castle because of Castle's age, repeatedly asking him when he would retire; discriminated against him by requiring that only he furnish his own tools and finally terminated his employment because Castle was 68 years old. [#1-pp.3-5].

Orenco counterclaims that Castle misappropriated trade secrets in violation of ORS 646.641 *et seq* and converted Orenco property and documents. [#9-2, pp. 3-4]. Orenco seeks a permanent injunction requiring Castle to return all Orenco property and punitive damages. [#9-2, pp.4-5]. Orenco also moves for: (a) summary judgment against Castle's claims and on its counterclaims arguing that the "overwhelming evidence" establishes that: (1) Castle's employment was terminated because of his "deplorable" attitude toward his co-workers and supervisor and disruptive behavior rather than his age; (2) it did not require Castle to furnish his own tools as a condition of employment and (3) Castle admitted possession of Orenco documents containing trade secrets subsequent to his termination and (b) to strike plaintiff's concise statement of facts [#45; #46-pp.3, 21-23; #68].

DISCUSSION

**A.   Undisputed Facts:**

The following facts are derived from the parties' statements of fact and accompanying admissible evidence, and are either

ORDER - page 2

undisputed or framed in the light most favorable to Castle, the nonmoving party.

Castle was employed by Orenco on January 6, 1997, as a machinist in its tooling department. [#47-p.1, ¶ 1; #49-¶ 2; #61-p.1]. Castle was 56 years old at the time of his hire. *Id.* Castle was the oldest employee in the tooling department. [#61-p.3; #71-p.2,¶2]. Castle furnished his own tools. [#46-pp.11-12; #49-p.5; #60-p.2]

Orenco repeatedly commended Castle for his excellent work product, consistently identified him as someone who produced high quality work on time and gave him regular raises. [#47-p.1,¶2; #49-¶3; #61-p.1]. However, Orenco also gave plaintiff several written notices of the need to allow his tools to be inspected and to improve his interpersonal relations and communication with co-workers and his most recent supervisor, Greg Stinnett. [#41-Ex.1; #47-p.1,¶3; #49-¶4; #61-p.1; #71-Ex.2]

Orenco terminated Castle's employment on August 5, 2008, at which time Castle was 68 years old.. [#1-pp.2,4; #9-2-p. 2]. After his termination, Castle cleared out his work station, and removed prints, drawings and schematics of proposed future projects or already completed projects together with his personal effects and log books. [#46-pp.21-22; #47-p.5; #48-Ex.2, Castle deposition]. Subsequent to retaining an attorney, Castle has offered to either return to Orenco or destroy all these documents

ORDER - page 3

except his personal log books. [#60-Ex.P2]. To date Orenco has not informed him what they wish him to do with these documents. [*Id.*; #78-pp.4-5].

## Discussion

### A. Standard for Summary Judgment:

Summary judgment is not appropriate if a reasonable jury viewing the summary judgment record could find by a preponderance of the evidence that the plaintiff is entitled to a verdict in his/her favor. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027-28 (9th Cir. 2006). A plaintiff alleging employment discrimination "need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because the ultimate question is one that can only be resolved through a searching inquiry - one that is most appropriately conducted by a fact-finder, upon a full record." *Chuang v. Univ. Cal. Davis*, 225 F.3d 1115, 1123-24 (9th Cir. 2000)(quoting *TX Dept. of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

In evaluating motions for summary judgment in the context of employment discrimination, the Ninth Circuit has emphasized "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE*

ORDER - page 4

*Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir. 2004). However, conclusory, self-serving assertions that contradict prior sworn testimony or are without factual support in the record, cannot be used to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir 1993) In deciding a summary judgment motion, only admissible evidence may be considered by the court. *Orr v. Bank of America,* 285 F.3d 764, 774-75 (9th Cir. 2002). Defendants motion to strike is therefore denied. [#68].

### B     Plaintiff's ADEA claim:

To establish an ADEA claim, a plaintiff must prove by a preponderance of direct or circumstantial evidence, that age was the "but for" cause of the challenged employment decision. *Gross v. FBL Fin. Servs. Inc.,* _ U.S. _, 129 S.Ct. 2342, 2351 (2009). Under "but-for" causation, a plaintiff must show that age was "the reason" for the adverse employment action; there is no ADEA liability for "mixed motive" employment actions. *Id.* at 2350, 2352.

Castle alleges both a disparate treatment claim and a hostile work environment claim under the Age Discrimination in employment Act (ADEA) and ORS § 659A.030.[1]

---

[1]     The state law claims are analyzed in the same manner as the federal. <u>Williams v. Federal Express Corp</u>. 211 F.Supp.2d 1257, 1261 (D.Or. 2002).

ORDER - page 5

1. <u>Disparate Treatment</u>

To establish a violation of the ADEA under the disparate treatment theory of liability, Castle must establish a prima facie case of discrimination that includes: (1) that he is a member of a protected class (at least age 40); (2) that he was performing his job satisfactorily; (3) that he was discharged; and (4) that he was either replaced by a substantially younger employee with equal or inferior qualifications or was discharged under circumstances otherwise giving rise to an inference of age discrimination.[2] See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280-81 (9th Cir. 2000). The lone area of dispute in this matter surrounds the fourth element; whether Castle's age was "the reason" he was terminated. Castle does not allege that he was replaced by a younger machinist.

Given that Castle was 56 years old when hired, his allegation that he was terminated because of his age seems unlikely and upon careful examination of the voluminous record, I find as a matter of law that the record fails to present sufficient evidence for a jury to find that reaching the age of 68 was "the reason" Orenco terminated Castle's employment. I

---

[2] Generally, an employee can satisfy the last element of the prima facie case only by providing evidence that he was replaced by a substantially younger employee with equal or inferior qualifications. <u>Coleman</u>, 232 F3d at 1281.

therefore grant Orenco's summary judgment motion on Castle's claim of discrimination under the ADEA.

2. <u>Hostile work environment:</u>

An age-based hostile work environment claim requires a plaintiff to show that : (1) he was subjected to verbal or physical conduct based on his age; (2) the conduct was unwelcome; and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

To survive summary judgment on a hostile work environment claim, a plaintiff must show a genuine factual dispute as to: (1) whether a reasonable person would find the workplace so objectively and subjectively hostile toward him as to create an abusive work environment; and (2) whether the defendant failed to take adequate remedial and disciplinary action. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir.2004). A plaintiff must show that the work environment was *both* subjectively and objectively hostile. *McGinest,* 360 F.3d at 1113.

In making the objective determination, the court must look at all the circumstances, including the frequency, severity and nature (i.e., physically threatening or humiliating as opposed to merely verbally offensive) of the conduct. *Vasquez,* 349 F.3d at

ORDER - page 7

642. The required severity of the conduct varies inversely with its pervasiveness and frequency. *McGinest,* 360 F.3d at 1113. Finally, the objective hostility of the environment must be considered "from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff." *Id.* at 1115.

Castle bases his hostile work environment claims on allegations of: unwarranted and discriminatory verbal warnings and write-ups; his supervisor's refusal to speak and/or assign work to him for days at a time; screaming at him; making belittling comments, repeatedly urging him to retire and threatening termination. [#1-pp.2-3]. Orenco argues that Castle's own deposition testimony refutes these unsupported allegations. [#46-pp.11-17].

A working environment is abusive if hostile conduct pollutes the victim's workplace, making it more difficult for him to do his job, to take pride in his work, and to desire to stay on in his position. *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463 (9th Cir. 1994). After careful consideration of all admissible evidence provided by the parties, I find the record void of evidence to support Castle's claim that the incidents he complains about constituted age hostility or were sufficiently severe or pervasive as to have unreasonably interfered with his working performance. To the contrary, there *is* evidence in the record that Castle's work performance continued to be exemplary

right up to his termination, although his interpersonal relationships and communication skills remained unremediated. [#48-Ex.3].

Orenco's Motion for Summary Judgment on Castle's ADEA hostile work environment claim, is therefore granted.

3. Defendant's Counterclaim and Alleged Damages:

(a) Misappropriation of trade secrets:

To establish a claim under the Oregon Trade Secrets Act (OTSA), Orenco must establish that (1) the subject of the claim qualifies as a statutory trade secret; (2) reasonable measures were taken by the Plaintiff to maintain the secrecy of its trade secrets; and (3) the conduct of the defendant constitutes statutory misappropriation. *Acrymed Inc., v. Convatec,* 317 F.Supp 2d 1204, 1217 (D.Or. 2004).

A trade secret is information that derives independent economic value, actual or potential, from not being generally known and is the subject of reasonable efforts to maintain its secrecy. ORS 646.461(4). Misappropriation is defined as the acquisition by improper means, disclosure or use of a trade secret. ORS 646.641(2). Improper means includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy or espionage through electronic or other means. ORS 646.461(1).

While the material filed under seal does appear to qualify

ORDER - page 9

as confidential and proprietary, even accepting that it qualifies as trade secrets, the documents' acquisition by Castle does not appear to have been through a knowing or improper means. It is undisputed that Castle had unrestricted access to these documents during his employment or that he willingly provided them in discovery. Castle has requested direction from Orenco about whether they wish him to return or destroy the documents and has provided evidence that he is willing to do either upon Orenco's wishes being communicated. [#60-pp15-16 and #60-Ex. P2].

Based on the foregoing I deny Oreonco's motion for summary judgment on their First Counterclaim - misappropriation of trade secrets.

Similarly, I deny Orenco's motion for summary judgment on the second counter claim- conversion. Conversion requires a knowing exercise of control that Orenco has failed to demonstrate in this instance. No reasonable inference can be drawn from the extensive record before the court to indicate that Castle knowingly exercised dominion and control over the proprietary material.

Based on the record and the foregoing analysis, the court on its own motion dismisses both counterclaims and denies Orenco's motion for punitive damages as moot. Plaintiff's Motion for Extension to Supply Additional Evidence [#81], is therefore denied as moot.

ORDER - page 10

CONCLUSION

For the reasons detailed above, defendant's Motion for Summary Judgment [#45] is denied in part and granted in part as follows: GRANTED in that plaintiff's claims are dismissed; DENIED in that defendant's counterclaims are dismissed and damages are denied. Defendants Motion to Strike [#68], is DENIED. Plaintiff's Motion for Extension to Supply Additional Evidence [#81], is DENIED.

IT IS SO ORDERED.

DATED this ___3rd___ day of December, 2010.

_____
United States District Judge